1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7
8

MARY ANN ARMAS,                    )
                                   )    NO. CV-13-3036-LRS
      Plaintiff,                   )

9
10
11

   v.                              )    **ORDER RE MOTIONS**
                                   )    **FOR SUMMARY JUDGMENT**
                                   )    **AND FOR LEAVE TO AMEND**
                                   )    **COMPLAINT**
                                   )

12
13
14

SUPERVALU, INC.,                   )
a Delaware Corporation,            )
                                   )
      Defendant.                   )
_____    )

15
16
17

     **BEFORE THE COURT** are the Defendant's Motion For Summary
Judgment (ECF No. 8) and the Plaintiff's Motion For Leave To Amend
Complaint (ECF No. 12).  These motions are heard without oral argument.

18
19

**SUMMARY JUDGMENT**

20
21
22
23
24

     Defendant Supervalu Inc. ("Supervalu") filed its motion for summary
judgment on June 17, 2013.  On July 17, 2013, Plaintiff filed a response to the
motion for summary judgment (ECF No. 14), along with a Motion For Leave To
Amend Complaint in which she proposes to file an Amended Complaint
dropping Supervalu as the named defendant and substituting New Albertson's,
Inc., if Supervalu "is not the proper defendant in this case."

25
26
27

     Responses to dispositive motions must be filed within 21 days,  LR
7.1(b)(2)(B), and Plaintiff's response was filed 30 days after Defendant's

28

**ORDER RE MOTIONS-**          **1**

summary judgment motion was filed.  Additionally, Plaintiff's response was not accompanied by a separate statement of facts as required by LR 56.1(b), but it is noted that  Defendant's Motion For Summary Judgment did not comply with LR 56.1(a) in that Defendant did not "set forth **separately** from [its] memorandum of law . . . the specific facts relied upon in support of the motion." (Emphasis added).  All that said, the court believes it is compelled to rule on Supervalu's summary judgment motion, not least for the reason that Plaintiff suggests Supervalu may be the proper defendant and that the court needs to determine whether this is so.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975).  Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985).  Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*.  The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the

**ORDER RE MOTIONS-          2**

nonmovant.  *Matsushita*, 475 U.S. at 587.  Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim.  *Celotex*, 477 U.S. at 322-23.

In Washington, the general rule is that a person who occupies land with intent to control it may owe certain duties to persons who come on the property.  *Coleman v. Hoffman*, 115 Wn.App. 853, 859-60, 64 P.3d 65 (2003).  Ownership of the land is not dispositive.  Washington uses the Restatement definition of a "possessor of land:"

> A possessor of land is (a) a person who is in occupation of the land with intent to control it, or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Coleman*, 115 Wn. App. at 860, quoting Restatement (2d) of Torts, §328E.

Supervalu has met its initial burden of proving that no genuine issue of material fact exists that it "occupied" the Albertson's store located at 1610 W. Lincoln Avenue in Yakima, Washington on June 14, 2010, the date Plaintiff alleges she was injured while at the store.  Counsel for Supervalu has submitted a declaration (ECF No. 9) attesting to the following:  1) in June of 2006, Albertson's LLC conveyed the store and the real property upon which it is situated to New Albertson's, Inc; 2) although Supervalu owned stock in New Albertson's on June 14, 2010 (the date of the incident), Supervalu is a separate and distinct corporate entity from New Albertson's; 3) Supervalu did not own the store in question; 4) the employees who worked at that store were not employees of Supervalu; and 5) Supervalu sold all of its stock in New Albertson's in March 2013, just shortly before Plaintiff commenced the captioned action on April 1, 2013.

Plaintiff has failed to offer competent and admissible proof (i.e.,

**ORDER RE MOTIONS-        3**

declarations or affidavits) raising a genuine issue of material fact that Supervalu "occupied" the store premises in question on the date of the alleged incident. The assertions by Plaintiff's counsel in his summary judgment response regarding correspondence with a claims examiner in the "SuperValu Incident Services Unit" about the instant matter, and his dealings with that same examiner in a different case involving a different Albertson's store, are insufficient to create a genuine issue of material fact that Supervalu "occupied" the store at 1610 W. Lincoln Ave. on June 14, 2010.  This would be true even if those assertions were supported by a declaration or affidavit from Plaintiff's counsel.  Plaintiff bears the burden of proving that Supervalu is liable for her injury.  On summary judgment, she has not offered sufficient evidence to create a genuine issue of material fact regarding the same.

The fact Supervalu owned stock in New Albertson's on June 14, 2010 is insufficient to create a genuine issue of material fact that Supervalu "occupied" the store in question for the purposes of establishing premises liability.  Plaintiff offers no law to controvert the law cited by Supervalu in support of the general principle that a shareholder in a corporation is not liable for the debts of said corporation.

Supervalu's Motion For Summary Judgment (ECF No.  8) is **GRANTED** and it is awarded judgment on the claims asserted against it in Plaintiff's Complaint.

**AMENDMENT OF COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), the court shall "freely" grant leave to a party to amend its pleading "when justice so requires."  Leave is to be freely given unless the opposing party makes a showing of undue delay, bad faith, prejudice or futility of the amendment.  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).  Leave to amend may be denied if the

**ORDER RE MOTIONS-        4**

proposed amendment is futile, however a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Prejudice to the opposing party is by far the most important and most common reason for denying a leave to amend. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Supervalu has been awarded judgment on the claims asserted against it. Therefore, it will not be prejudiced by the filing of an amended complaint which names New Albertson's- a "separate and distinct corporate entity"- as the defendant. Accordingly, Plaintiff's Motion For Leave To Amend Complaint (ECF No. 12) is **GRANTED.** Plaintiff shall file her Amended Complaint and serve the same upon New Albertson's. At the appropriate juncture, New Albertson's may tender a statute of limitations defense and the court will rule whether under Fed. R. Civ. P. 15(c) the filing of the Amended Complaint should "relate back" to the filing of the original Complaint on April 1, 2013, so as to render the Amended Complaint timely under the applicable Washington statute of limitations.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this _____26th_____ day of August, 2013.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER RE MOTIONS-          5**