UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARY ANN ARMAS,

Plaintiff,

v.

NEW ALBERTSON'S INC., an Ohio Corporation,

Defendant.

NO. CV-13-3036-LRS

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Defendant's Motion For Summary Judgment (ECF No. 34). The motion is heard without oral argument.[1]

## I. BACKGROUND

Pursuant to this court's August 26, 2013 "Order Re Motions For

[1] Plaintiff's response to the motion was not timely filed. Responses to dispositive motions must be filed within 21 days, LR 7.1(b)(2)(B), and Plaintiff's response was filed 27 days after the motion was filed. The court cannot, however, justify granting summary judgment to Defendant on this basis when there is no apparent prejudice to Defendant from the late filing of the response. That said, Plaintiff should be mindful of the filing deadlines set forth in the Local Rule.

Summary Judgment And For Leave To Amend Complaint" (ECF No. 25), Plaintiff filed an Amended Complaint naming New Albertson's, Inc., as the Defendant in lieu of Supervalu, Inc. ("Supervalu") which was granted summary judgment on the Plaintiff's claims. Plaintiff's Amended Complaint (ECF No. 26) was filed on September 3, 2013, which is the same date Defendant New Albertson's, Inc., indicates it was served with the Amended Complaint. New Albertson's Inc., filed its Answer to the Amended Complaint on September 16, 2013 (ECF No. 28). Among the affirmative defenses pled in its Answer is that Plaintiff's claims are barred by the applicable statute of limitations. In its August 26, 2013 order, this court noted that "[a]t the appropriate juncture, New Albertson's may tender a statute of limitations defense and the court will rule whether under Fed. R. Civ. P. 15(c) the filing of the Amended Complaint should 'relate back' to the filing of the original Complaint on April 1, 2013, so as to render the Amended Complaint timely under the applicable Washington statute of limitations." As noted, New Albertson's has tendered this defense and now moves for summary judgment based on it.

## II. DISCUSSION

Unless state law provides a more liberal standard, the requirements of Fed. R. Civ. P. 15(c) apply where an amended complaint changes the name of the defendant. If an amended complaint would "relate back" under the law that provides the applicable statute of limitations, it "relates back" under Fed. R. Civ. P. 15(c). See Fed. R. Civ. P. 15(c)(1)(A); *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 962-63 (11th Cir. 2001). The effect is to defer to more liberal state or federal laws on this point. "Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."

Advisory Committee Note to 1991 Amendment to Fed. R. Civ. P. 15(c)(1)(A).

Here, Washington law provides the applicable statute of limitations for this personal injury action brought pursuant to this court's diversity jurisdiction (3 years per RCW 4.16.080). It appears, however, that Washington law does not provide a more liberal standard regarding "relation back." In addition to the requirements of Washington's Superior Court Civil Rule (CR) 15(c), an amended complaint changing or adding a defendant will not relate back if the original omission of the defendant resulted from "inexcusable neglect." *Haberman v. Wash. Pub. Power Supply Syst.*, 109 Wn.2d 107, 174, 744 P.2d 1032, 750 P.2d 254 (1987). Inexcusable neglect exists where a party is ascertainable upon reasonable investigation and no reason for the initial failure to name the party appears in the record. *Id*. The party relying on CR 15(c) must demonstrate that any neglect was excusable. *Perrin v. Stensland*, 158 Wn.App. 185, 197-99, 240 P.3d 1189 (2010).

Under federal law, any neglect by the party relying on Fed. R. Civ. P. 15(c) is irrelevant. The U.S. Supreme Court has explained that "relation back" under Rule 15(c)(1) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleadings." *Krupski v. Costa Crociere, S.p.A.*, _____ U.S. _____, 130 S.Ct. 2485, 2489-90 (2010). In *Krupski*, the Supreme Court declared it immaterial that plaintiff's counsel delayed seeking leave to amend after defendant's counsel disclosed the proper defendant was "Costa Crociere," not "Costa Cruises." The Court held that "[p]laintiff's dilatory conduct . . . [cannot] justify denial of relation back under Rule 15(c)(1)(C)." *Id*. at 2496. See also *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011).

Under Fed. R. Civ. P. 15(c)(1), the following three requirements must be

satisfied: 1) the claim against the newly added defendant must have arisen out of the conduct set forth in the original complaint; 2) the new defendant must have received sufficient notice of the original action "within the period provided by Rule 4(m) for serving the summons and complaint" (120 days) so that it will not be prejudiced in defending the claim on its merits; and 3) the new defendant must have known or should have known that, "but for a mistake concerning the proper party's identity," it would have been named in the original complaint.

The first requirement is clearly satisfied. The claim against New Albertson's arises out of the conduct set forth in the original complaint.

With regard to the second requirement, it is necessary that New Albertson's, Inc. had notice of the pending action within the 120 day period provided by Fed. R. Civ. P. 4(m) for serving the summons and complaint. Because Plaintiff's original Complaint was filed on April 1, 2013, that means New Albertson's needed to have such notice no later than July 29, 2013. If there is a sufficient agency or community of interest between the person served and the intended defendant, notice may be imputed to the intended defendant. *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379 (1986). A community or identity of interest "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Wright, Miller & Kane, *Federal Practice & Procedure* §1499 at 197-98 (2010). Such an identity of interest has been found between a parent corporation and a wholly-owned subsidiary. See *Goodman v. Praxair, Inc.*, 494 F.3d 458, 473-75 (4th Cir. 2007); *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F.Supp.2d 138, 144 (D.D.C. 2013); *E.I. duPont de Nemours & Company v. Phillips Petroleum Company*, 621 F.Supp. 310, 314 (D. Del. 1985); and *Holden v. R.J. Reynolds Industries, Inc.*, 82 F.R.D. 157, 161-162 (M.D. N.C. 1979).

In its August 26, 2013 order, this court noted that counsel for SuperValu submitted a declaration (ECF No. 9) attesting to the following: 1) in June of 2006, Albertson's LLC conveyed the store and the real property upon which it is situated to New Albertson's, Inc; 2) although SuperValu owned stock in New Albertson's on June 14, 2010 (the date of the incident), SuperValu is a separate and distinct corporate entity from New Albertson's; 3) SuperValu did not own the store in question; 4) the employees who worked at that store were not employees of SuperValu; and 5) SuperValu sold all of its stock in New Albertson's in March 2013, just shortly before Plaintiff commenced the captioned action on April 1, 2013. Nothing in the papers submitted in conjunction with New Albertson's motion for summary judgment controvert these facts.

SuperValu, however, did not merely own stock in New Albertson's: it owned all of the stock in New Albertson's which was its wholly-owned subsidiary. This is a matter of public record. See www.reuters.com/finance/stocks/SVU/key-developments/article/2672666; and marketwatch.com/story/10-q-supervalu-inc-2013-10-17. It is true that Plaintiff's action was not commenced until April 1, 2013, with the filing of its original Complaint against SuperValu as the named defendant. This was just a matter of days after SuperValu sold its interest in New Albertson's on March 21. The record establishes, however, that during the time New Albertson's was still wholly-owned by SuperValu, Plaintiff, through her counsel, had already made a formal claim with SuperValu regarding the incident of June 14, 2010. A September 25, 2012 letter to Plaintiff's counsel at the time (David B. Huss, Esq.) from Sedgwick Claims Management Services, Inc., specifically a Bill Talmadge who was the "Claims Examiner III- Liability SuperValu Incident Services Unit," acknowledged the claim. (Ex. A to ECF No. 14). And, in a

letter dated February 2, 2013, Plaintiff's current counsel of record advised Mr. Talmadge that he had been associated with Mr. Huss on the claim and that "this was done in anticipation of the need to institute a lawsuit for Ms. Armas, since there's never been a settlement offer extended, and the statute is going to run in a few months." Counsel also advised that "[i]f your company/your principal has an interest in mediation of this claim, we still have time to do that." (Ex. B to ECF No. 14).

In sum then, SuperValu's knowledge that an action would soon be filed was imputed to its wholly-owned subsidiary, New Albertson's. Therefore, New Albertson's had the requisite notice that an imminent action was contemplated, providing it with adequate opportunity to prepare a defense. As noted, that action was then filed within a matter of days after SuperValu sold its interest in New Albertson's and within a few weeks after SuperValu was served with the original Complaint on April 12, 2013. (ECF No. 2). Under these circumstances, the court finds the second requirement of Rule 15(c)(1)(C)- "notice of the action" to the new defendant, New Albertson's- is satisfied, notwithstanding that the action against SuperValu was not yet technically pending at the time SuperValu sold its interest in New Albertson's.

The third requirement for "relation back" is closely related to the second and ensures the defendant to be added knew or should have known all along that its joinder was a possibility. *E. I. duPont*, 621 F.Supp. At 314. If New Albertson's did not actually know that it would have been named in the original Complaint filed against SuperValu but for a mistake concerning the proper party's identity, it certainly should have known the same considering: 1) New Albertson's was the wholly-owned subsidiary of SuperValu at the time of the incident; 2) per the declaration of SuperValu's counsel, New Albertson's owned and operated the store in question and employed the individuals who worked

there; and 3) New Albertson's remained SuperValu's wholly-owned subsidiary through the time when Plaintiff presented a formal claim to SuperValu and up until just days before the original Complaint against SuperValu was filed.

## III. CONCLUSION

Fed. R. Civ. P. 15(c)(3) is intended to protect a plaintiff who mistakenly targets the wrong defendant, and then discovers, after the relevant statute of limitations has run, the identity of the proper party. The purpose is to "balance the interest of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S.Ct. at 2494.

For the reasons set forth herein, Plaintiff's September 3, 2013 Amended Complaint "relates back" to the filing of her original Complaint on April 1, 2013. Accordingly, the Amended Complaint is not barred by the applicable statute of limitations and Defendant New Albertson's, Inc.'s, Motion For Summary Judgment (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this 11th day of December, 2013.

***s/Lonny R. Suko***

LONNY R. SUKO
Senior United States District Judge